IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LOUIS ROBENSON,
    Petitioner,

vs.                                Case No. 5:08cv178/RS/EMT

RANDALL BRYANT, et al.,
    Respondents.

_____/

## **ORDER**

       This cause is before the court upon Petitioner's "Motion on Respondents to Produce Legal Mail" (Doc 7). Petitioner appears to seek entry of an order requiring Respondents to provide him with his legal mail (*id.* at 3). In support, Petitioner contends that on June 13, 2008, Officer Sydney Young notified him that two pieces of legal mail were sent to him by this court, including a small piece of mail and a large piece of mail (*id.* at 1–2). Officer Young gave Petitioner the small piece but destroyed the large piece and pushed some of the torn pieces under the cell door and took other pieces with him (*id.* at 2). Petitioner states Officer Young's actions are preventing him from litigating his case (*id.*).

       The court first notes, that although this case has been docketed as a habeas case filed pursuant to 28 U.S.C. § 2254, Petitioner has not yet filed an actual habeas petition.[1] Thus, the court cannot determine whether jurisdiction for Petitioner's claims exists or whether venue is appropriate in this District. Moreover, Petitioner has not paid the filing fee, and he has not been granted leave to proceed in forma pauperis. Nevertheless, the court has attempted to provide the appropriate forms

---

[1] The document submitted by Petitioner that purported to be a habeas petition was returned to Petitioner without filing because it was deficient and unsigned (*see* Doc. 2 (order directing the return of several unsigned documents to Petitioner)).

to Petitioner for the filing of a proper habeas petition and motion to proceed in forma paupers (*see* Doc. 5).

Next, the court notes that Petitioner previously filed a "Notice of Not Receive Legal Mails [sic]" (Doc. 4), in which Petitioner relayed the same facts as in the instant motion, and the court granted relief to Petitioner to the extent that the clerk of court was directed to send him another copy of the deficiency order issued on June 10, 2008 (*see* Docs. 1, 5). Attached to the one-page deficiency order were several documents which Petitioner attempted to file, but the court ordered them returned because none of them were signed (*see* Doc. 2).[2] The court also directed the clerk to send Petitioner a petition form for use in habeas cases filed under 28 U.S.C. § 2254, a motion to proceed in forma pauperis form, and a prisoner consent form and financial certificate (*id.*).

Petitioner states that Officer Young took the legal mail that the clerk returned to Petitioner because the documents would not fit under the "B-wing room 1205" door where Petitioner is housed (Doc. 7 at 2). Petitioner states that he needs these documents so that he can put his original signature on them without having to fill out entirely new documents (*id.*). Petitioner contends that he does not have the time to rewrite the petition because his petition exceeds ninety (90) pages (*id.* at 3).

Initially, as the instructions on the petition form state, Petitioner should have retained a copy of the petition and all court filings and is advised to do so in the future (*see* Instructions for Filing a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in Custody Pursuant to a State Court Judgment). Additionally, the court notes that Petitioner claims to be a litigant in "over 20 pending case[s] in state and federal courts and governmental agencies"(Doc. 7 at 3); therefore, even if Petitioner did not review the instructions for the instant case, he should have been aware of the requirement to retain copies of all paperwork filed with the court.

Furthermore, all that is required to initiate a habeas case is Petitioner's completing a blank copy of the court-approved petition form and submitting a properly completed motion to proceed in forma pauperis (or, alternatively, the submission of the $5.00 filing fee). Petitioner need not refer

---

[2]The documents included a petition for writ of habeas corpus, motion to proceed in forma pauperis, motion for appointment of counsel, and "Motion for Clerical and Administrative Duties of Clerk and Notice of Inquiry" (*see* Doc. 2).

Case No.: 5:08cv178/RS/EMT

to other materials or submit ninety (90) pages of attachments. Although prisoners may generally present federal claims only after they have presented those claims in state court, Petitioner may refer to the results of his state court cases or otherwise explain that he has exhausted his claims in state court without attaching copies of those cases or voluminous documents to demonstrate exhaustion.

Moreover, Petitioner is advised that pursuant to N.D. Loc. R. 5.1(J)(3), his petition may not exceed twenty-five (25) pages absent leave of court and upon a showing of good cause. Thus, there is no need to recreate a document that exceeds ninety pages because, absent a showing of good cause, the court will not accept a petition in excess of twenty-five (25) pages. Similarly, completing the form motion to proceed in forma pauperis and prisoner consent form and financial certificate, would not require Petitioner to refer to the documents that he alleges were taken by Officer Young.

Petitioner is advised that he must complete, sign and file a court-approved petition form, typed or written in ink. The petition must contain all of Petitioner's grounds for relief, and it should not in any way refer to the petition he previously filed that was returned due to a deficiency. By previous order of this court (*see* Doc. 8), Petitioner's habeas petition must be submitted on or before September 8, 2008. <u>All of the documents filed by Petitioner must bear his original signature</u>. However, no action will be taken in this case until the matter of the filing fee is resolved.

Accordingly, it is **ORDERED**:

1. Within **THIRTY (30) DAYS** from the date of docketing of this order, Petitioner shall pay the $5.00 filing fee or submit a completed motion to proceed in forma pauperis with the requisite prisoner consent form and financial certificate and an attached computer printout of the transactions in his prison account.

2. Petitioner's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 8<u>th</u> day of August 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**